```
UNITED STATES DISTRICT COURT                         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                        DOCUMENT
-------------------------------------X               ELECTRONICALLY FILED
UNITED STATES OF AMERICA             :               DOC #: _____
                                     :               DATE FILED: 04/13/2020
     -against-                       :    No. 12 Cr. 133 (JFK)
                                     :      OPINION & ORDER
PHILLIP SMITH,                       :
                                     :
                    Defendant.       :
-------------------------------------X
```

APPEARANCES

FOR DEFENDANT PHILLIP SMITH:
    Christopher Aaron Flood
    Neil Peter Kelly
    FEDERAL DEFENDERS OF NEW YORK INC.

FOR THE UNITED STATES OF AMERICA:
    Sarah L. Kushner
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is an emergency motion by Phillip Smith for a sentence reduction to time served and release from the Metropolitan Detention Center, Brooklyn ("the MDC") or, in the alternative, for immediate transfer to home confinement or a halfway house, due to Smith's advanced age, compromised health, and his status as a "high-risk" inmate who is especially vulnerable to contracting the Coronavirus, COVID-19 ("COVID-19"). The Government does not contest that extraordinary and compelling reasons exist for Smith's immediate release, but rather, opposes his motion as untimely because Smith did not first fully exhaust all of his administrative rights by waiting

1

30 days after he sought compassionate release from the Warden of the MDC before seeking judicial intervention.

For the reasons set forth below, Smith's motion is GRANTED. He is to be released from the MDC today, April 13, 2020, and his 36-month term of supervised release is to commence with the additional terms imposed below.

**I. Background**

On November 16, 2012, Smith pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), conspiracy to produce false identification documents, in violation of 18 U.S.C. § 1028(f), and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  On April 10, 2013, the Court sentenced him to a term of imprisonment of 120 months, to be followed by 36 months of supervised release. Smith has been incarcerated since January 13, 2012.  To date, he has served over 98 months of his original 120-month sentence.

Smith is 62 years old and suffers from multiple physical ailments.  He has been treated for, among other things, asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma (a cancer of the bone marrow).  Smith is currently serving his sentence at the MDC where, as of April 13, 2020, four inmates and 12 staff have tested positive for COVID-19. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 13, 2020).

The MDC has placed Smith on its list of "high-risk" inmates who are especially vulnerable to contracting the disease.

On April 3, 2020, Smith filed[1] an emergency motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), or immediate transfer pursuant to 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g)(1) ("the Motion"). (Emergency Mot. for Sentence Reduction (Apr. 3, 2020), ECF No. 185.) The day prior to filing the Motion, however, Smith submitted a letter to the Warden of the MDC requesting a reduction in sentence pursuant to 18 U.S.C. § 3582(c) or an immediate transfer to home confinement or a halfway house pursuant to 18 U.S.C. § 3624(c) ("the Petition"). (Letter from Neil P. Kelly, Special Assistant Federal Defender, to Derek Edge, MDC Warden (Apr. 2, 2020), ECF No. 186-3.) Smith submitted an addendum to the Petition the following day—the same day he filed the Motion. (Letter from Neil P. Kelly, Special Assistant Federal Defender, to Derek Edge, MDC Warden (Apr. 3, 2020), ECF No. 186-4.)

On April 7, 2020, the Government filed a letter opposing the Motion. (Letter from Sarah L. Kushner, Assistant United States Attorney, to Hon. John F. Keenan (Apr. 7, 2020), ECF No. 192.) At that time, according to the Bureau of Prisons ("the

---

[1] All of Smith's filings related to his requests for compassionate release were made through his counsel.

BOP"), Smith was scheduled to be released on November 17, 2020, but he may have been eligible for home confinement beginning on May 17, 2020.  (Id. at 1.)  The Court scheduled a telephonic conference with parties for April 10, 2020.

The morning of the conference, shortly before it was to begin, the Government filed a letter stating that the MDC had scheduled Smith to be released to a halfway house on April 23, 2020.  (Letter from Sarah L. Kushner, Assistant United States Attorney, to Hon. John F. Keenan (Apr. 10, 2020), ECF No. 195.)  The Government's letter explained that, consistent with the BOP's current procedures for inmates scheduled to leave a BOP facility, the MDC had placed Smith into quarantine on April 8, 2020.  (Id.)  That same morning, Smith filed a response arguing that his selection for release to a halfway house further supported his application for immediate release.  (Resp. (Apr. 10, 2020), ECF No. 196.)  The Motion was heard during two telephonic conferences with counsel for the Government and Smith.[2]  At the Court's request, a representative from the MDC's legal department joined the second telephonic conference to provide information regarding the current conditions of Smith's incarceration and quarantine.

---

[2] Smith waived his right to appear during the conferences.

4

**II. Discussion**[3]

18 U.S.C. § 3582(c)(1)(A) authorizes a court to modify a term of imprisonment "upon motion of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id.

**A. Exhaustion**

Courts are divided on whether the exhaustion requirement may be waived. On one side, some courts in this Circuit and elsewhere have ruled that the requirement is not absolute, and it may be waived in certain extraordinary circumstances, such as the threat posed by the COVID-19 pandemic to a specific individual. See, e.g., United States v. Haney, No. 19 Cr. 541

---

[3] The Court is grateful to judicial colleagues in this District whose thoughtful analysis of relevant legal issues aided the Court's own.

5

(JSR), Dkt. No. 27, (S.D.N.Y. Apr. 13, 2020); United States v. Sawicz, No. 08 Cr. 287 (ARR), 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020); United States v. McCarthy, No. 17 Cr. 230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020); United States v. Zukerman, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020); United States v. Powell, No. 94 Cr. 316 (ESH), Dkt. No. 98 (D.D.C. Mar. 28, 2020); cf. United States v. Jemal, No. 15 Cr. 570 (JRP), 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) ("We are not convinced, however, that we must rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion."). Many other courts, however, have declined to rule that such an exception to the statutory exhaustion requirement exists. See, e.g., United States v. Knox, No. 15 Cr. 445 (PAE), Dkt. No. 1084, at 2–3 (S.D.N.Y. Apr. 8, 2020); United States v. Roberts, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020); United States v. Gross, No. 15 Cr. 769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020).

Here, the Government argues the latter; specifically, that the Court must read the statutory exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) strictly, and thus, it does not have the authority to grant the relief Smith seeks without either a final

decision by the BOP on the Petition or the passage of 30 days without one.

Notably, however, the Government recently argued in a filing before a different court in this District that the exhaustion requirement is non-jurisdictional, which, it argued, allows it to waive the requirement by not raising it as a defense. See United States v. Gentille, No. 19 Cr. 590 (KPF), Dkt. No. 31 (S.D.N.Y. Apr. 6, 2020). In ruling on the defendant's compassionate release motion in that case, Judge Failla "agree[d] with the Government that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claims-processing rule that the Government can waive by failing to raise an exhaustion argument." United States v. Gentille, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020); see also Haney, No. 19 Cr. 541, Dkt. No. 27, at 7 (ruling the exhaustion requirement is non-jurisdictional). After the Government waived the requirement, Judge Failla proceeded to the merits of the defendant's request and granted the motion. Gentille, 2020 WL 1814158, at *4–5; see also United States v. Jasper, No. 18 Cr. 390 (PAE), Dkt. No. 440 (S.D.N.Y. Apr. 6, 2020) (letter from the Government waiving the exhaustion requirement); United States v. Knox, No. 15 Cr. 445 (PAE), Dkt. No. 1086 (S.D.N.Y. Apr. 10, 2020) (same).

Relatedly, in United States v. Knox, No. 15 Cr. 445 (PAE), Dkt. No. 1088 (S.D.N.Y. Apr. 10, 2020), Judge Engelmayer granted a defendant's motion for compassionate release after the Government reconsidered its initial opposition to the motion based on the exhaustion requirement and filed a letter waiving the objection. Prior to the Government's waiver, however, Judge Engelmayer had urged the Government "to relent on its invocation of administrative exhaustion as a barrier to judicial action" because "[t]he Court has explicitly stated, based on its superior familiarity with [the defendant]'s offense and the application of the 18 U.S.C. § 3553(a) factors to his circumstances, that he merits compassionate release." Id., Dkt. No. 1084, at 2, 3 (S.D.N.Y. Apr. 8, 2020). To the Government's credit, it quickly submitted a letter waiving the exhaustion requirement, thereby "clear[ing] the way for the immediate release of an inmate at high-risk who ha[d] served the vast majority of his sentence and to whom the COVID-19 virus present[ed] a heightened danger while he [wa]s in close custody at the Metropolitan Correctional Center." Id., Dkt. No. 1088, at 1.

Turning now to Smith's motion and whether the Court has the authority to modify his term of imprisonment at this time, it is the Court's considered view that, in light of the position taken by the Government in this case as well as other recent

compassionate release cases in this District, the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) does not prohibit the Court from entering an order granting Smith's compassionate release.

First, the BOP's recent decision to modify Smith's incarceration to, in effect, grant that portion of the Petition which sought immediate transfer to a halfway house constitutes—at the very least—a partial satisfaction of the exhaustion requirement. Indeed, the BOP's grant of early release is in substance a final decision on that alternate request. Likewise, the willingness of the Government to permit Smith's early release constitutes a partial waiver of the exhaustion requirement because it is, in substance, consent by the Government to the BOP's grant of Smith's alternate request, which is scheduled to occur immediately after Smith completes the requisite quarantine procedures for inmates who are scheduled to leave a BOP facility.

Second, similar to Knox, the Court has already determined that the 18 U.S.C. § 3553(a) factors warrant Smith's compassionate release. Here, however, the Court need not first request that the Government drop its insistence on administrative exhaustion because, unlike the Government's opposition in Knox, No. 15 Cr. 445 (PAE), Dkt. No. 1077, at 3 (S.D.N.Y. Apr. 2, 2020), the Government's opposition to Smith's

motion implicitly acknowledges that compassionate release is warranted: it does not raise any substantive challenge to the merits of the Motion.

Finally, the Court is of the opinion that the First Step Act did not empower the Government with the sole authority to decide when and under what conditions exhaustion may be waived, and it agrees with certain of its sister courts that judicial waiver is permissible in light of the extraordinary threat certain inmates face from COVID-19. See, e.g., Haney, No. 19 Cr. 541 (JSR), Dkt. No. 27, at 11-12 ("[T]he Court concludes that Congressional intent not only permits judicial waiver of the 30-day exhaustion period, but also, in the current extreme circumstances, actually favors such waiver, allowing courts to deal with the emergency before it is potentially too late."); United States v. Perez, --- F. Supp. 3d ---, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *1 (S.D.N.Y. Apr. 1, 2020). Here, Smith's advanced age and compromised health, combined with his status as a BOP-designated "high-risk" inmate in a facility with confirmed cases of COVID-19, justifies waiver of the exhaustion requirement. "No one anticipated today's circumstances, where each day that goes by threatens incarcerated defendants with greater peril. In essence, the 30-day rule was meant as an accelerant to judicial review. The Court is charged with interpreting congressional intent and it would pervert

congressional intent to treat it as a substantial obstacle to effective judicial review." United States v. Russo, No. 16 Cr. 441 (LJL), Dkt. No. 54, at 5 (S.D.N.Y. Apr. 3, 2020). In any event, whether there is a waiver or not, as the great Cardozo observed in a completely different context: "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." Wood v. Duff-Gordon, 118 N.E. 214, 214 (N.Y. 1917). In other words, substance takes precedence over form.

**B. Extraordinary and Compelling Reasons for Release**

Turning to the merits of the Motion, the Court finds that Smith has set forth "extraordinary and compelling reasons" to order his immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

First, granting Smith's request for compassionate release is consistent with the 3553(a) sentencing factors and applicable policy statements issued by the Sentencing Commission. Smith has served a sentence that balances the seriousness of his criminal conduct with his acceptance of responsibility; the offense to which he was sentenced and his excellent record while in custody reflect an individual who is not a danger to the safety of any other person or to the community; and his remaining term of incarceration is short.

11

Second, Smith's age and medical conditions—such as his asthma—place him at a higher risk for developing serious complications should he be exposed to COVID-19 while at the MDC or a halfway house, and would substantially diminish his ability to provide self-care within those environments. See U.S.S.G. § 1B1.13 comment n.1(A)(ii).  Indeed, "COVID-19 presents a heightened risk for incarcerated defendants . . . with respiratory ailments such as asthma.  The Centers for Disease Control warns that persons with asthma are at high risk of serious illness if they contract the disease.  Further, the crowded nature of municipal jails . . . present an outsize risk that the COVID-19 contagion, once it gains entry, will spread.  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself." United States v. Hernandez, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (footnotes omitted).

Third, Smith's counsel represent that they have conferred with the U.S. Probation Department for the Southern District of New York, and they have been advised by Probation that Smith's release plan is acceptable and he is not viewed as a safety or flight risk.  (Resp. in Supp. Emergency Mot. for Sentence Reduction (Apr. 8, 2020), ECF No. 194.)

Finally, Smith is like other "high-risk" defendants to whom courts have recently granted compassionate release. See, e.g.,

United States v. Harris, No. 18 Cr. 364 (PGG), Dkt. No. 414, at 4 (S.D.N.Y. Apr. 8, 2020); Zukerman, 2020 WL 1659880, at *6; Hernandez, 2020 WL 1684062, at *3; but see Haney, No. 19 Cr. 541 (JSR), Dkt. No. 27, at 12–16 (denying compassionate release where the defendant did not suffer from a health condition that made him unusually vulnerable to the effects of COVID-19 and release would have effectively reduced his sentence from 42 months to less than nine).

Accordingly, the Court concludes that "extraordinary and compelling reasons" warrant Smith's release, and that the conditions of his supervised release as outlined below are adequate to protect the community.

### III. Order

In view of the above, it is hereby ORDERED that Phillip Smith is RESENTENCED to TIME SERVED plus 36 months of supervised release under the conditions in the original judgment, thus the mandatory conditions, standard conditions, and special conditions of supervised release from Smith's original sentence are hereby imposed.

It is FURTHER ORDERED that the following additional terms of supervised release are hereby imposed:

1. Smith must reside at the location designated in his filing of April 8, 2020, ECF No. 194, to which Probation has

advised would be an appropriate residence for Smith's release ("the Residence"), until November 17, 2020.

2. Smith must self-isolate from others at the Residence until May 31, 2020.

3. Smith must not leave the Residence until May 31, 2020, unless he is seeking necessary medical care.  In the event that Smith must leave the Residence to seek such care, Smith shall report any such medical visits to the Probation Office in advance.

4. Upon his release from the MDC, Smith must immediately contact the New York State 24-Hour Coronavirus Hotline (1-888-364-3065) and follow the medical and social distancing advice he receives.

5. Smith must call his Probation Officer the day he is released, and he must strictly follow the Probation Officer's instructions for reporting.

It is FURTHER ORDERED that Phillip Smith, Register Number 38864-054, be released from the MDC today, April 13, 2020.

**SO ORDERED.**

Dated:   New York, New York
         April 13, 2020

*[signature: John F. Keenan]*
John F. Keenan
United States District Judge